**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | |
|---|---|
| **LAURIE ELDERKIN,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **CIVIL ACTION NO. 06:08-cv-64** |
| § | |
| **FLOUR BLUFF ISD,** § | |
| § | |
| Defendant. § | |

## MEMORANDUM & ORDER

Pending before the Court is Defendant Flour Bluff Independent School District's ("Flour Bluff" or "Defendant") Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 9.) The Court, having considered the motion, response, and applicable law, is of the opinion that the Motion to Transfer Venue should be GRANTED.

### Factual and Procedural Background

This is an employment discrimination action arising under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et. seq.* (ADA), in accordance with its provisions prohibiting discrimination against persons with physical and mental disabilities in public employment.

Defendant Flour Bluff is a public educational entity authorized through the State of Texas and located in Corpus Christi, Nueces County, Texas. Plaintiff Laurie Elderkin ("Elderkin" or "Plaintiff") is a former employee of Flour Bluff, and at all times relevant to this action was a resident of Nueces County, Texas. According to her Complaint, Plaintiff was employed by Defendant as a special education paraprofessional and sustained an on-the-job injury after a student assaulted her. (Dkt. No. 1.) Plaintiff contends that, in connection with this work-related injury, she made a request

to Defendant for reasonable accommodation, which Defendant failed to provide. (*Id.*) After Plaintiff filed a grievance alleging that her ADA rights had been violated for failure to accommodate, Defendant retaliated against and ultimately discharged Plaintiff, in further violation of the ADA. (*Id.*)

Plaintiff filed suit in the U.S. District Court for the Southern District of Texas, Victoria Division, on August 4, 2008. On October 3, 2008, Defendant filed this motion challenging the convenience of the current venue under 28 U.S.C. § 1404(a). Defendant seeks transfer of all claims asserted against it to the Southern District of Texas, Corpus Christi Division.

**Standard**

Section 1404(a) permits the Court to transfer a case from one district or division to another "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The goal of this provision is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Shoemake v. Union Pacific R.R. Co.*, 233 F.Supp.2d 828, 829 (E.D. Tex. 2002) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). Whether a §1404(a) transfer is proper is committed to the sound discretion of the trial court, which should determine a motion to transfer venue based on an "individualized case-by-case consideration of convenience and fairness." *Shoemake*, 233 F.Supp.2d at 829 (citing *Stewart Org., Inc. v. Recoh Corp.*, 487 U.S. 22, 29 (1988)).

The party seeking a change of venue bears the burden of demonstrating that the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). To prevail on a motion to transfer venue for the convenience of the parties under §1404(a), the movant must demonstrate the balance of convenience and justice weighs substantially in favor of transfer. *See In re Volkswagen*

*AG*, 371 F.3d 201, 203 (5th Cir. 2004); *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1165 (S.D. Tex. 1994). The Court's determination of convenience hinges on several private and public interest factors, none of which are determinative of the issue. *In re Volkswagen*, 371 F.3d at 203.

## Discussion

### I. Threshold Determination

The threshold determination to be made under § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen*, 371 at 203; *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). It is undisputed that venue it proper in the Southern District of Texas. Defendant only seeks to transfer venue to another division within this district. The Court must next address various private and public interest factors, none of which carry dispositive weight, to determine whether a transfer furthers the convenience of the parties and witnesses. *In re Volkswagen*, 371 F.3d at 203; *In re Horseshoe*, 337 F.3d at 433.

### II. Convenience of the Parties and Witnesses

#### 1. Private Interest Factors

When analyzing a §1404(a) motion, district courts in the Fifth Circuit must weigh private interest factors including (a) the plaintiff's choice of forum; (b) the availability and convenience of parties and witnesses; (c) the cost of obtaining witnesses and other trial expenses; (d) the availability of compulsory process; (e) the relative ease of access to sources of proof; (f) the place of the alleged wrong; and (g) the possibility of delay and prejudice. *In re Volkswagen*, 371 at 203 (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981)); *In re Horseshoe*, 337 F.3d at 433.

#### (a) Plaintiff's Choice of Forum

A plaintiff's choice of forum is "a factor to be considered but is neither conclusive nor determinative." *Devon Energy*, 2007 WL 1341451 at *6 (citing *In re Horseshoe*, 337 F.3d at 434). Ordinarily, there is a strong presumption favoring the plaintiff's choice of forum. *Robertson v. Kiamichi R.R. Co.*, 42 F.Supp. 2d 651, 655 (E.D. Tex.1999); *In re Triton*, 70 F.Supp. 2d 678, 688 (E.D. Tex. 1999). However, when the plaintiff's chosen forum has little or no factual connection to the case, the plaintiff's choice carries less weight. *Hanby v. Shell Oil Co.*, 144 F.Supp. 2d 673, 677 (E.D. Tex. 2001). Furthermore, where, as is the case here, the plaintiff is not from the forum it has chosen, the plaintiff's choice is given less deference. *Miller v. Kevin Gros Marine, Inc*., 2006 WL 1061919 at *3 (S.D. Tex. 2006) (citing *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997)).

The alleged actions giving rise to this litigation occurred solely within the Corpus Christi Division, this case has little to no connection to the Victoria Division, and the Plaintiff and Defendant are both residents of the Corpus Christi Division. However, since Plaintiffs' choice is given some deference, this factor is neutral or weighs slightly against transfer.

**(b) Availability and Convenience of Parties and Witnesses**

Courts often note that the convenience of the witnesses is arguably the most influential factor in a § 1404(a) inquiry. *See Devon Energy*, 2007 WL 1341451 at *6; *Dupre v. Spanier Marine Corp.*, 801 F.Supp. 823, 825 (S.D. Tex. 1993). Indeed, "[i]t is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis." *State Street Capital Corp. v. Dente*, 855 F.Supp. 192, 198 (S.D. Tex. 1994). More specifically, courts must focus primarily upon the availability and convenience of key witnesses. *Dupre*, 801 F.Supp at 825. The movant "must specifically identify key witnesses and outline the substance of their testimony." *Id.*

4

Defendant contends the Corpus Christi Division is "clearly a more convenient place to proceed with this matter," based in large part on the availability and convenience of the parties and witnesses. (Dkt. No. 9 ¶ 9.) The events giving rise to this lawsuit as alleged by Plaintiff involve her former employment with the Defendant, which is sited in the Corpus Christi Division. (*Id.*) The Plaintiff, as well as the Superintendent and other employees of the Defendant are all located in the Corpus Christi Division. (Dkt. No. 9, Ex. 1.) Further, because this is a disability discrimination suit, Defendant anticipates that Plaintiff's healthcare providers may provide testimony and evidence. (Dkt. No. 9 ¶ 9.) At least six of Plaintiff's healthcare providers reside and practice in Nueces County, Texas, located within the Corpus Christi Division. (Dkt. No. 9, Ex. 1.)

Plaintiff argues that "[s]ince the Defendant is a school district, under Rule 45(c)(3)(B)(ii)(iii), a person may be compelled to travel more than 100 miles within the State of Texas. Consequently, the reality of inconvenience of the parties is in word only." (Dkt. No. 11 ¶ 6.) The Court interprets Plaintiff's argument as relying on Federal Rule of Civil Procedure (FRCP) 45(c)(3)(A)(ii), which provides that a person who is neither a party nor a party's officer "may be commanded to attend a trial by traveling from any such place within the state where the trial is held." FED. R. CIV. P. 45(c)(3)(A)(ii).

The Court rejects Plaintiff's contention that "the reality of inconvenience of the parties is in word only." Just because the Federal Rules allow the Court to compel the parties and witnesses to travel roughly 100 miles to the Victoria Division does not render the trip any less inconvenient for the individuals involved. As the Fifth Circuit explained in *In re Volkswagon*,

> [V]enue transfer analysis is concerned with convenience. That the district court can deny any motions to quash does not address concerns regarding the convenience of parties and witnesses. Indeed, this rationale simply asserts that a district court, at some burden to the parties, will likely be able to enforce an option that is inconvenient to witnesses.

506 F.3d at 385. This factor weighs heavily in favor of transfer.

**(c) Cost of Obtaining Witnesses and Other Trial Expenses**

As considered above, to the extent that both parties and nearly all witnesses reside in the Corpus Christi Division, the cost of obtaining such witnesses if the action were transferred would of course be less. Like factor (b), this factor favors transfer.

**(d) Availability of Compulsory Process to Secure the Attendance of Witnesses**

As noted above, FRCP 45(c)(3)(A)(ii) would allow a court in either the Victoria Division or the Corpus Christi Division to compel any witness residing within the State of Texas to attend trial. Thus, this factor is neutral.

**(e) Relative Ease of Access to Sources of Proof**

Also as noted above, both parties and nearly all–if not all–witnesses reside in the Corpus Christi Division. In addition, all of the personnel documentation that may be relevant in this case is located in the Defendant's offices at 2505 Waldron Road in Corpus Christi, Texas. (Dkt. No. 9 ¶ 10.) The records of Plaintiffs' healthcare professionals would presumably also be located at their offices in Nueces County, Texas, within the Corpus Christi Division. Therefore, the Court weighs this factor in favor of transfer.

**(f) Place of Alleged Wrong**

The place of the alleged wrong is considered one of the most important factors in determining a motion to transfer venue. *Devon Energy*, 2007 WL 1341451 at *7 (citing *Lemery v. Ford Motor Co.*, 244 F.Supp.2d 720, 732 (S.D. Tex. 2002)). The events giving rise to this lawsuit as alleged by Plaintiff involve her former employment with the Defendant, which is located in the Corpus Christi Division. According to her Complaint, Plaintiff's injury, as well as Defendant's failure to accommodate and subsequent retaliation are all alleged to have occurred within the

6

Corpus Christi Division. (Dkt. No. 1.) Thus, this factor favors transfer.

### (g) Possibility of Delay or Prejudice

The Fifth Circuit has instructed that this factor should only be considered in "rare and special circumstances" and must be established by clear and convincing evidence. *In re Horseshoe*, 337 F.3d at 434. Plaintiff filed this suit in the Victoria Division on August 4, 2008. On October 3, 2008, Defendant filed this motion challenging the convenience of the current venue. As Defendants note, this litigation has just begun, and transferring this case from the Victoria Division to the Corpus Christi Division will not result in undue delay or prejudice to either side. (Dkt. No. 9 ¶13.) This is especially true here, where the Court has not yet held a Rule 16 Scheduling Conference, and discovery has not commenced. Therefore, this factor is neutral.

### 2. Public Interest Factors

When determining a motion to transfer venue, courts in this Circuit must also weigh public interest factors including (a) the administrative difficulties flowing from court congestion; (b) the local interest in having localized interests decided at home; (c) the familiarity of the forum with the law that will govern the case; and (d) the avoidance of unnecessary conflict of law problems. *See In re Volkswagen*, 371 F.3d at 203 (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

### (a) Administrative Difficulties Flowing from Court Congestion

Neither side has indicated that administrative difficulties flowing from court congestion may arise in the Victoria Division as opposed to the Corpus Christi Division. This factor is neutral.

### (b) Local Interests

Defendant contends that, given the fact that Flour Bluff is a local public entity within the Corpus Christi Division, public policy favors residents in the Corpus Christi Division serving as jurors in this case. (Dkt. No. 20 ¶ 12.) Furthermore, courts favor the venue in which the events

giving rise to the litigation occurred. *See, e.g.*, *In re Volkswagen*, 371 F.3d at 206; *Devon Energy*, 2007 WL 1341451 at *9; *Rice Co. v. Flanagan Shipping Corp.*, 2006 WL 2981194 at *2 (S.D. Tex.) (each case emphasizing the locale of the events underlying litigation). Plaintiff has provided no argument that local interests would be better served in the Victoria Division. Thus, this Court finds that the local interests favor transfer.

### (c) Familiarity of the Forum with the Law that Will Govern the Case

This is an employment discrimination action arising under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et. seq. (ADA). As such, this factor is neutral in the Court's transfer analysis.

### (d) Avoidance of Unnecessary Conflict of Law Problems

Neither side has identified authority, nor is the Court aware of any, indicating that a trial in the Victoria Division as opposed to the Corpus Christi Division would entail or avoid conflict of law problems. This factor is also neutral in the Court's transfer analysis.

### 3. Conclusion as to the Convenience Factors

The Court concludes that Defendants have demonstrated that the balance of convenience weighs substantially in favor of transferring this case to the Corpus Christi Division. Both the private and public factors, on whole, favor transfer.

## II.    Interests of Justice

In addition to determining the convenience of the parties and witnesses, "[c]onsideration of the interest of justice, which includes judicial economy 'may be determinative to a particular transfer motion, even if the convenience of the parties and the witnesses may call for a different result.'" *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-21 (7th Cir. 1986)); *see also Zoltar*

8

*Satellite Sys. V. L.G. Elecs. Mobile Commc'ns Co.*, 402 F. Supp 731, 735 (E.D. Tex. 2005).

Neither party addresses whether, "in the interests of justice," this case should be transferred. However, the Court notes that, outside of this motion, it has not made rulings on discovery and/or dispositive motions, or guided this case toward any settlement discussions. The Court has no discernable history with the parties, witnesses, or relevant evidence in the instant lawsuit, and this Court has no more knowledge about the current action than would the Corpus Christi Division. Therefore, the interests of justice do not detract from the Court's finding that this action should be transferred.

## Conclusion

For the reasons stated above, Defendants' Motion to Transfer Venue (Dkt. No. 9) is **GRANTED**. This action is **TRANSFERRED** to the United States District Court for the Southern District of Texas, Corpus Christi Division.

It is so **ORDERED**.

Signed this 26th day of November, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE